WING YEE CHONG & CO. *v.* UNITED STATES ·(No. 2143).[1]

MEDICAL PREPARATIONS CONTAINING ALCOHOL—DISTILLED SPIRITS—CHINESE MEDICINAL WINE.

Certain Chinese wines used by the Chinese for medicinal purposes were assessed with duty by the collector under paragraph 16, tariff act of 1913, which provides for "Chemical and medicinal preparations * * * containing * * * alcohol," and also with the additional duty levied on distilled spirits by section 600 of the revenue act of 1918. The classification was as a medicinal preparation and not as distilled spirits; and the merchandise should not have been subjected to the additional duty.

United States Court of Customs Appeals, May 26, 1922.

APPEAL from Board of United States General Appraisers, G. A. 8465 (T. D. 38875).

[Reversed.]

*Walden & Webster* for appellants.
*William W. Hoppin*, Assistant Attorney General (*Samuel Isenschmid* and *Samuel M. Richardson*, special attorneys, of counsel), for the United States.

[Oral argument April 25, 1922, by Mr. Webster and Mr. Isenschmid.]

Before SMITH, BARBER, and MARTIN, Associate Judges; DE VRIES, Presiding Judge, participating in the decision by agreement of counsel.

[1] T. D. 39142.

SMITH, Judge, delivered the opinion of the court:

The goods invoiced as Oo-Kok, Wo-Chork, Kop Kai, Non Sun, Wai Sang, Chun Lo, Fu Kwat, Pak Sui, Tsz Po, Tad Tar, Shum Yong, and Moy Lo, medicated spirits, were classified by the collector as medicinal preparations containing alcohol and were assessed for duty at 20 per cent ad valorem and at 20 cents and 40 cents per pound, according to alcoholic content, under paragraph 16 of the tariff act of 1913. In addition to this duty the collector assessed a duty of $2.20 per proof gallon under the provisions of section 600 of the revenue act of 1918, approved February 24, 1919. The pertinent parts of paragraph 16 and of section 600 are as follows:

16. Chemical and medicinal compounds and preparations * * * containing more than 20 per centum of alcohol and not more than 50 per centum of alcohol, 20 cents per pound and 20 per centum ad valorem; containing more than 50 per centum of alcohol, 40 cents per pound and 20 per centum ad valorem.

600. That there shall be levied and collected on all distilled spirits now in bond or that have been or that may be hereafter produced in or imported into the United States * * * a tax of $2.20 (or, if withdrawn for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $6.40) on each proof gallon.

The board found that the collector had classified the merchandise as distilled spirits and held that there was nothing in the invoice or the record in the case which suggested "anything about compound preparations, medicinal concoctions, or anything except spirits and wines." The decision called attention to section 611 of the revenue act of 1918, and after pointing out that the act defined what wine was, how it should be treated, and how different percentages of alcohol should be regarded, ruled that "spirits imported under that law should be taxed according to proof gallon, one rate for beverage purposes and another for nonbeverage purposes." The board was apparently of the opinion that the goods were *wines* which, on account of their alcoholic content, should be classed as distilled spirits and subjected to duty as spirituous beverages. In the judgment of the board the importers had no cause for complaint inasmuch as the importation had been taxed as a nonbeverage preparation.

Whether Chinese medicated wines are medicinal preparations is a question of fact which seems to have been uniformly resolved in the negative by the board which has consistently held such wines to be distilled spirits dutiable as spirituous beverages.—Protest of Kwong Chin Chong, T. D. 14047, affirmed Kwong Ching Chong v. United States (119 Fed. 383); protest of Tuck, High & Co., T. D. 14411; protest Chee Ho Tong, T. D. 24675; protest Joe Kee, T. D. 25218; G. A. 1030; protest Choy Chong Wo, T. D. 31523 (Apr. 24, 1911). On June 5, 1917, however, the Treasury Department after investigation found that such medicinal preparations were "dealt in in the drug trade of China and the United States and that the Chinese

have faith in them, owing to their belief that they contain a certain amount of medicinal virtue." The department accordingly directed that medicated Chinese wines be assessed for duty as medicinal preparations containing alcohol under paragraph 16 of the tariff act of 1913. (T. D. 37212.)

The appraiser returned the goods as medicinal preparations and after protest was made he not only reported to the collector that they had been so returned, but took the pains to state that he agreed with the claim of the importer that they were medicinal preparations. Notwithstanding the order. of the Treasury Department and the return of the appraiser, the collector, had he been so minded, might have disregarded both the order and the return and classified the importation not as medicinal preparations but as distilled spirits or as wines or even as spirituous beverages, which classification the board and this court would have been obliged to accept in the absence of any evidence showing that the collector had erred in making it. But the record establishes beyond all question that the merchandise was assessed with the primary duties imposed by paragraph 16 on medicinal preparations containing alcohol and with the duties prescribed for the percentage of alcohol actually found in the merchandise. From this it follows that the medicated wines or spirits were classified as *medicinal preparations* containing alcohol and not as distilled spirits as stated by the board.

Moreover, two affidavits submitted to the collector were on the hearing before the board offered and received in evidence without objection. In one of the affidavits the goods were described as medicinal preparations and in the other as medicinal wines. Both affidavits contained a statement that the merchandise was used by Chinese in the United States for medicinal purposes. In view of the fact that the collector classified the importation, not as wines or distilled spirits, but as medicinal preparations containing alcohol, and as that finding and the affidavits in evidence are not impeached in any way, we must hold that the goods are medicinal preparations containing alcohol, and not wines or distilled spirits as found by the board. The decision is based on the facts disclosed by this particular record and is limited to the points discussed on oral argument of the appeal and in the briefs of counsel.

The decision of the Board of General Appraisers is *reversed*.