SHUN YUEN HING & CO. *v.* UNITED STATES (No. 2145).[1]

MEDICINAL PREPARATIONS CONTAINING ALCOHOL—DISTILLED SPIRITS—CHINESE MEDICINAL WINES.

Certain Chinese wines, used by the Chinese for medicinal purposes, were assessed with duty by the collector under paragraph 16, tariff act of 1913, which

[1] T. D. 39143.

provides for "Chemical and medicinal preparations * * * containing * * * alcohol," and also with the additional duty levied on distilled spirits by section 600 of the revenue act of 1918. The classification was as a medicinal preparation and not as distilled spirits; and the merchandise should not have been subjected to the additional duty.—Wing Yee Chong & Co. v. United States (11 Ct. Cust. Appls. 329 T. D. 39142) decided concurrently herewith followed.

## United States Court of Customs Appeals, May 26, 1922.

APPEAL from Board of United States General Appraisers, Abstract 44554.

[Reversed.]

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellants.
*William W. Hoppin,* Assistant Attorney General (*Samuel Isenschmid* and *Samuel M. Richardson,* special attorneys, of counsel), for the United States.

[Oral argument April 25, 1922, by Mr. Isenschmid.]

Before SMITH, BARBER, and MARTIN, Associate Judges; DE VRIES, Presiding Judge, participating in the decision by agreement of counsel.

SMITH, Judge, delivered the opinion of the court:

In this case as in the case of Wing Yee Chong & Co. v. United States, suit No. 2143, this day decided, the goods were returned by the appraiser as a medicinal preparation containing alcohol. The collector classified the goods as medicinal preparations containing alcohol, and assessed them with the duty prescribed for such preparations by section 16 of the tariff act of 1913, plus the additional duty of $2.20 per proof gallon imposed on distilled spirits by section 600 of the revenue act of 1918. Two affidavits were submitted to the collector which were with the protest and other papers transmitted to the board and on the papers so transmitted the case was submitted by stipulation to the board for decision. From one of the affidavits it appeared that the merchandise was medicinal wines used for medicinal and not for beverage purposes. The other affidavit merely stated that to the best knowledge and belief of the affiant, the merchandise was used by Chinese people in the United States for medicinal purposes.

The return of the appraiser and classification of the collector in accord with the return not being impeached or contradicted in any way we must hold that the goods are medicinal preparations subject to the duties imposed by paragraph 16 of the tariff act of 1913. This ruling is based upon the facts disclosed by the record in this case and is limited to the points discussed on oral argument of the appeal and in the briefs of counsel.

The decision of the Board of General Appraisers is *reversed.*