Brown & Co. v. UNITED STATES (No. 2170).[1]

1. EVIDENCE—PRESUMPTION.

Paragraph 16, tariff act of 1913, provides that alcoholic medicinal compounds shall pay a duty based upon their percentage of alcohol; and paragraph 239 that compounds of which distilled spirits are the component of chief value shall be

---

[1] T. D. 39320.

dutiable at a rate not less than that imposed upon distilled spirits. The collector's report that "the merchandise in question consists of an alcoholic preparation, used medicinally, that was classified as a distilled spirit to accord with the provisions of paragraph 239" is not a classification under paragraph 239 and raises no presumption that the merchandise is distilled spirits. Rather, in fact and presumptively, was the classification under paragraph 16.

2. PARAGRAPH 300, WAR REVENUE ACT OF 1917—"DISTILLED SPIRITS" AND COMPOUNDS OF THEM.

Paragraph 300 of the war revenue act of 1917 concerns itself with "distilled spirits only," and not with compounds or preparations composed in part of them.

3. CHINESE WINES.

Certain Chinese wines used medicinally, compounded of distilled spirits and other ingredients, were erroneously assessed with the additional duty provided for distilled spirits by paragraph 300 of the war revenue act of 1917.

## United States Court of Customs Appeals, November 13, 1922.

APPEAL from Board of United States General Appraisers, Abstract 44855.

[Reversed.]

*Allan R. Brown* for appellants.

*William W. Hoppin,* Assistant Attorney General (*Marcus Higginbotham, jr.,* special attorney, of counsel), for the United States.

[Oral argument October 4, 1922, by Mr. Brown and Mr. Hoppin.]

Before SMITH, BARBER, and MARTIN, Associate Judges.

BARBER, Judge, delivered the opinion of the court:

Paragraph 16 of the tariff act of 1913 provides that chemical and medicinal compounds and preparations containing alcohol, and all alcoholic compounds not specially provided for, shall pay a duty based upon the percentage of alcohol contained therein.

Paragraph 237 provides for a duty of $2.60 per proof gallon upon spirits manufactured or distilled not specially provided for.

Paragraph 239 provides that all compounds or preparations of which distilled spirits are the component part of chief value shall be dutiable at a rate not less than that imposed upon distilled spirits.

Section 300 of the war revenue act of 1917, approved October 3, 1917, provides:

That on and after the passage of this act there shall be levied and collected on all distilled spirits in bond at the time or that have been or that may be then or thereafter produced in or imported into the United States, * * * in addition to the tax now imposed by law, a tax of $1.10 (or, if withdrawn for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $2.10) on each proof gallon, * * * to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law.

Importers entered on February 13, 1918, and while the above statutes were in force, the merchandise hereinafter described.

The collector assessed thereon duty at the rate of $2.60 per gallon by virtue of paragraphs 237 and 239. He also assessed $1.10 additional tax under the provisions of section 300 of the act of 1917.

Importers duly protested that the merchandise was not subject to this additional assessment.

The collector in transmitting the papers to the board said:

The merchandise in question consists of an alcoholic preparation, used medicinally, that was classified as a distilled spirit to accord with the provisions of paragraph 239 of the act of 1913.

In view of its tariff designation as a distilled spirit and by reason of its importation while the act of October 3, 1917, was in force, the additional tax or duty of $1.10 per proof gallon applicable to distilled spirits in section 300 of said act, was also collected.

Note T. D. 37849, T. D. 37999, T. D. 38223, etc.

When the case came on for hearing before the Board of General Appraisers a stipulation, signed by the Assistant Attorney General and the attorney for the importers, which reads as follows:

1. That the merchandise in question was reported by the appraiser in his advisory classification to be a medicinal compound or preparation containing alcohol and dutiable under par. 16 of the act of October 3, 1913.

2. That the collector adopted this report and assessed duty upon the merchandise in question at the rate of $2.60 per proof gallon by virtue of the minimum provision in par. 239 of said act, said rate being greater than 20 cents per pound and 20% ad val., the applicable rate provided for in par. 16.

3. That in addition to the duty of $2.60 per proof gallon the collector also assessed $1.10 per gallon under the first provision of section 300 of the act of October 3, 1917.

4. That the merchandise consists of a compound composed of distilled spirits together with other ingredients.

5. That the various compounds are bought and sold under their specific Chinese names.

6. That the merchandise under protest is contained in cases 31/40, 11/30, and 71/80 upon the invoices.

7. That the merchandise contained more than twenty per cent and not more than thirty per cent of alcohol.

8. That this stipulation may be accepted in lieu of the record heretofore made, which, it is agreed, may, with the permission of the board, be entirely stricken out—

was tendered the board and received by it.

Upon this record and the facts already stated, the board overruled the protest, basing such action, as we understand, upon its conclusion that the importation was a "spirituous beverage," and properly classifiable as distilled spirits.

Importers' counsel argues that it is not distilled spirits either in fact or law, but that it "consists of a compound composed of distilled spirits together with other ingredients," and that it is not covered by paragraph 300. He makes no objection to the assessment of $2.60 per gallon under paragraph 239. It is further claimed by him that the record shows that the merchandise was classified for customs purposes as a medicinal compound or preparation containing alcohol.

The Government urges that the record establishes that the merchandise was classified as a distilled spirit under paragraph 239, and not under paragraph 16; that there is nothing in the record to impeach

the correctness of such conclusion, from which it argues that the judgment below should be affirmed.

It is obvious from what already appears that the real question here is whether or not this merchandise is distilled spirits.

The collector reports he so classified it in accordance with paragraph 239. That paragraph, however, does not provide for distilled spirits, but for compounds or preparations of which distilled spirits are a component part of chief value. What it was in fact, the collector states—that is, an "alcoholic preparation used medicinally." That would seem to bring the merchandise directly within the provisions of paragraph 16, because a preparation used medicinally and a medicinal preparation would hardly seem to be distinguishable.

Paragraph 4 of the stipulation settles the fact that the importation consisted of distilled spirits with other ingredients.

Deeming it established that it was a medicinal compound or preparation within paragraph 16, the fact that it contained distilled spirits would justify the collector in going to paragraph 239 to find the minimum rate of duty which should be assessed thereon, and paragraph 2 of the stipulation indicates that was just what he did, because the minimum provision in paragraph 239 was greater than the applicable rate on the importation under paragraph 16. That is instead of classifying it under paragraph 239, as his return states, what he in fact did was to rely upon paragraph 239 as establishing the minimum rate of duty applicable thereto as a compound or preparation of which distilled spirits was a component of chief value. Paragraph 239 is not a classifying paragraph, and we are unable to see, in view of the record upon which the issue was determined, as above set forth, any justification for the conclusion that the merchandise was regarded or assessed by the collector as distilled spirits in fact.

This view of the record is determinative against the Government. The statement in the collector's return that he classified it as a distilled spirit is evidently erroneous and corrected by the stipulation.

Paragraph 300 of the act of 1917 makes no provision for compounds or preparations composed in part of distilled spirits, but is directed solely at "distilled spirits." This provision would not reach the medicinal-compounds or preparations classifiable under paragraph 16, unless it appeared that they were distilled spirits and nothing else, which is negatived by the record before us. See Wing Yee Chong & Co. *v.* United States (11 Ct. Cust. Appls. 329; T. D. 39142).

The assessment of the additional tax of $1.10 per gallon is specifically challenged by the protest.

The Treasury Department itself has authorized the assessment of Chinese wines, formerly classified as spirituous beverages, not specially provided for under paragraph 240 of the tariff act, as medicinal

preparations, alcoholic, under paragraph 16, investigation having shown that they are dealt in in the drug trade of China and the United States and that the Chinese have faith in them owing to the belief they contain a certain amount of medicinal value. (T. D. 37212, dated June 5, 1917, and T. D. 37849, dated December 19, 1918.) It is true the names of the wines enumerated in these decisions do not include those here, but the use seems to be the same.

It is also true that in the latter Treasury decision the Treasury Department was of opinion that they were also distilled spirits, and would take the additional tax of the act of October 3, 1917, but how this conclusion was reached we are not advised, and with it we do not agree so far as the importations here are concerned.

The judgment of the Board of General Appraisers is *reversed*.