(C. D. 97)

WING DUCK CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 9, 1939)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before McCLELLAND, SULLIVAN, and BROWN, Judges; McCLELLAND, P. J., not participating

BROWN, Judge: This suit against the United States was brought at San Francisco, Calif., and there tried, to recover certain internal-revenue taxes claimed to have been illegally exacted by the collector of customs at that port. There were also other claims but they were abandoned.

The collector took duty, as the record and testimony show, on the merchandise called Chinese Shamshoo at 25 per centum ad valorem and 40 cents per pound as consisting of a medical preparation containing alcohol under paragraph 24, Tariff Act of 1930 as—

medicinal compounds * * * containing more than 20 per centum and not more than 50 per centum of alcohol, 40 cents per pound and 25 per centum ad valorem.

Also as a condition to the delivery of this merchandise the collector of customs exacted an internal-revenue tax of $2 per proof gallon applicable to distilled spirits.

The plaintiff does not dispute the tariff classification but claims that the merchandise is not distilled spirits and, consequently, not subject to the tax of $2 per gallon.

The motion to dismiss made at the trial in San Francisco, for lack of jurisdiction on which decision was reserved, is overruled on the authority of *Shaw* v. *United States*, 11 Ct. Cust. Appls. 227, T. D. 38990, and *Faber, Coe & Gregg, Inc.* v. *United States*, T. D. 49638.

The state of the record shows that the merchandise at bar is a medical preparation. As such it is not subject to the internal-revenue tax.

In *Shun Yuen Hing* v. *United States*, 11 Ct. Cust. Appls. 331, T. D. 39143, it is said at page 332:

The collector classified the goods as medicinal preparations containing alcohol and assessed them with the duty prescribed for such preparations by section 16 of the Tariff Act of 1913, plus the additional duty of $2.20 per proof gallon imposed on distilled spirits by section 600 of the revenue act of 1918 * * *.

The return of the appraiser and classification of the collector in accord with the return not being impeached or contradicted in any way we must hold that the goods are medicinal preparations subject to the duties imposed by paragraph 16 of the Tariff Act of 1913.

In *Brown* v. *United States*, 11 Ct. Cust. Appls. 402, T. D. 39320, it is said at pages 404 and 405:

Importer's counsel argues that it is not distilled spirits either in fact or law, but that it "consists of a compound composed of distilled spirits together with other ingredients," and that it is not covered by paragraph 300 (of the revenue act of October 3, 1917, imposing a tax of $1.10 per gallon on all "distilled spirits * * * produced or imported into the United States") * * *.

Paragraph 300 of the Act of 1917 makes no provision for compounds or preparations composed in part of distilled spirits, but is directed solely at "distilled spirits." This provision would not reach the medicinal compounds or preparations classifiable under paragraph 16, unless it appeared that they were distilled spirits and nothing else, which is negatived by the record before us. See *Wing Yee Chong & Co.* v. *United States*, 11 Ct. Cust. Appls. 329, T. D. 39142.

Following these authorities the protest is sustained. Judgment will be entered accordingly directing refund of said internal-revenue tax, as claimed.