(C. D. 609)

DISTILLERS Co., LTD. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 3, 1942)

*James W. Bevans* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: In this suit against the United States the plaintiff seeks to recover money claimed to have been illegally collected as customs duties upon commodities described on the invoices as "cinnamon flavoring extract" and "Noyeau flavoring extract." They

were assessed with duty at the rate of $5 per proof gallon under paragraph 802 of the Tariff Act of 1930. In addition there was assessed an internal revenue tax of $2 per proof gallon under section 600 of the Revenue Act of 1918 as amended by the Liquor Taxing Act of 1934 in the case of protest 979725–G, and $2.25 per gallon under section 710 of the Revenue Act of 1938, in the case of protest 991924–G.

The case is before us on rehearing having been originally decided in C. D. 456. It was there held that the commodities were properly dutiable as flavoring extracts at the rate of 30 cents a pound and 18 per centum ad valorem under the provisions of paragraph 24 of the Tariff Act of 1930 as modified by the trade agreement with Belgium (T. D. 47600). That holding sustained the claim of the plaintiff under the tariff act as modified. However, the court found that the internal revenue tax was properly assessed.

Plaintiff based its motion for rehearing upon the fact that neither party litigant had presented arguments on the merits of the imposition of the internal revenue tax. On rehearing no further evidence was offered but the case was submitted with time granted for the filing of briefs on the question of the applicability of the said internal revenue tax.

The decision of the court insofar as it covered the assessment of the internal revenue tax is in the following language:

As to the internal revenue tax we find that section 1150 (a) (3) of the liquor taxing act as codified in the United States Code, title 26, provides as follows:

(3) Products of distillation containing distilled spirits. All products of Distillation, by whatever name known, which contain distilled spirits or alcohol, on which the tax imposed by law has not been paid, shall be considered and taxed as distilled spirits. (R. S. section 3254.)

The description of the method of manufacture of the instant commodities, *supra*, shows that they fall exactly within the above provision. The claim of the plaintiff that no internal revenue tax is assessable is therefore overruled.

In the brief filed on behalf of the plaintiff it is contended that the section of the revised statutes quoted above has been a part of the law for a number of years and was in effect when the case of *Wing Yee Chong & Co.* v. *United States*, 11 Ct. Cust. Appls. 329, T. D. 39142, was decided. In that case the court held that certain Chinese wine, which had been assessed as a medicinal preparation, was not subject to the internal revenue tax (section 600 of the Revenue Act of 1918). It is contended that this decision laid down the rule that an article which ceases to be known as distilled spirits is not subject to internal revenue tax.

At the time of these importations, which took place during the years 1937 and 1938, the term distilled spirits was defined as follows in sec. 17 (a) (6) of the Federal Alcohol Administration Act (49 Stat. 990) 27 U. S. C. Sup. sec. 211 (5):

17 (a) * * *

(6) The term "distilled spirits" means ethyl alcohol, hydrated oxide of ethyl, spirits of wine, whiskey, rum, brandy, gin, and other distilled spirits, including all dilutions and mixtures thereof, for non-industrial use.

In the Code of Federal Regulations (27 CFR 2.2) we find the following:

(a) The following uses of distilled spirits and wine are regarded as "industrial" and therefore will be excluded from any application of the term "nonindustrial use":

* * * * * * *

(3) Uses of distilled spirits or wine for * * * and in the manufacture * * * (iii) of flavoring extracts * * * , provided such products are unfit for beverage use.

(b) All other uses are regarded as "nonindustrial." Among the "nonindustrial" uses are the following: Uses for beverages purposes; or in the manufacture, rectifying or blending of alcoholic beverages; * * *.

In the original decision the court held that the commodities here involved are flavoring extracts. However they were found to be used for flavoring gin, which is a beverage. The testimony shows that they are used in the manufacture of an alcoholic beverage; therefore they fall directly within the definition given under (3) (b) above for distilled spirits having a nonindustrial use.

In the case of *DeFremery & Co.* v. *United States*, C. D. 455, which was adhered to on rehearing (C. D. 587), the court in commenting upon the seeming incongruity of assessing a commodity under one designation under the tariff act and under another and different designation for the purposes of the Liquor Taxing Act of 1934, used the following language:

It may seem incongruous to assess the commodities as "cordials" under the Tariff Act of 1930, as amended by the trade agreement with France, and as "distilled spirits" under the Liquor Taxing Act of 1934, but "distilled spirits" is a broad term which includes cordials. Therefore, the commodities are more specifically provided for under the term "cordials" in the Tariff Act of 1930, as amended by the trade agreement, and in the absence of a provision for cordials of the kind herein involved in the Liquor Taxing Act of 1934, they would fall within the provision for distilled spirits in that act.

Paraphrasing this language the commodities here involved are more specifically provided for under the term "flavoring extracts" and in the absence of a provision for flavoring extracts in the Liquor Taxing Act of 1934, or the Revenue Act of 1938, they would fall within the provision for distilled spirits in those acts.

For the reasons stated in our original decision and the further reasons above set forth we adhere to our finding that these flavoring extracts are subject to internal revenue tax as assessed. Judgment will be rendered accordingly.