**No. 49856.**—Protests 82282–K, etc., of Columbia Co. et al. (San Francisco).

Opinion by COLE, J. It was stipulated that the medicinal preparations are the same in all material respects as those passed upon in *Wing Duck Co.* v. *United States* (6 Cust. Ct. 133, C. D. 446) and *Shun Yuen Hing & Co.* v. *United States* (11 Ct. Cust. Appls. 331, T. D. 39143), which records were incorporated herein. The merchandise was therefore held not subject to the internal revenue tax.

**No. 49857.**—Protests 976546–G, etc., of Chong Kee Jan & Co. et al. (San Francisco).

Opinion by COLE, J. In accordance with stipulation of counsel and following *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247) the ve-tsin in question was held dutiable under paragraph 1558 as claimed, and fish in lard with beans was also held dutiable under paragraph 1558 as claimed, following Abstract 42516.

BEFORE THE THIRD DIVISION, DECEMBER 7, 1944

**No. 49858.**—Protest 99572–K of Electric Equipment Co. (Pembina).

Opinion by KEEFE, J. At the trial a letter from the shipper was found among the papers, submitting the case upon the record, without the introduction of evidence. Upon examination it was found that the article could have been admitted without duty under subsection 9 of section 308 as amended by the Customs Administrative Act of 1938. It was not so entered, however, nor were the regulations attending the entry and exportation thereof complied with. Under the circumstances the court entered judgment in favor of the Government.